IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SIONE ONE TAKAI,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Case No. 2:23-cv-00023-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Now before the court is Petitioner Sione One Takai's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.[1] For the reasons explained below, the Motion is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

In August 2021, Takai pled guilty to one count of Felon in Possession of a Firearm and Ammunition and one count of Possession of Methamphetamine with Intent to Distribute.[2] As part of the Plea Agreement, Takai waived his right to challenge his sentence, "including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel."[3] Takai was sentenced by this court to 92 months in prison.[4]

On January 10, 2023, Takai filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.[5] Takai provided the following explanation for why the one-year statute of

---

[1] ECF 1 (*Motion*).

[2] *See id.* at 1; *see also* Revised Statement in Advance of Plea at 1–2, *United States v. Takai*, No. 2:20-cr-00371-RJS-1 (D. Utah Aug. 19, 2021), ECF 43 (*Plea Agreement*). Although Takai's Motion states he was sentenced in August 2020, he entered his plea and was sentenced in August 2021. *See* Aug. 19, 2021 Minute Entry, *United States v. Takai*, No. 2:20-cr-00371-RJS-1 (D. Utah Aug. 19, 2021), ECF 40 (*Aug. 19, 2021 Minute Entry*).

[3] *Plea Agreement* at 5.

[4] Second Amended Judgment, *United States v. Takai*, No. 2:20-cr-00371-RJS-1 (D. Utah Aug. 31, 2021), ECF 45.

[5] *Motion*.

1

limitations does not bar his Motion[6]: "At the time of [Takai's] sentence the existing law (Supreme Court and the 10th Circuit) allowed [Takai] to be sentenced as a [career] offender, until January 31, 2022, in *Toki v. United States*, now making this sentence invalid. [Takai] moves under 28 U.S.C. § 2255(f)(3) following *Toki*."[7]  This was the only legal analysis included with Takai's Motion.[8]  Takai requested appointed counsel,[9] but his request was denied.[10]

## LEGAL STANDARDS

Under 28 U.S.C. § 2255, a prisoner in federal custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence."[11]  The prisoner must show (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack."[12]

Takai is proceeding pro se, so the court will construe his Motion liberally.[13]  But his pro se status does not excuse him from the fundamental requirements of the Federal Rules of Civil Procedure.[14]

---

[6] A one-year statute of limitations applies to § 2255 motions. 28 U.S.C. § 2255(f). The limitation period begins to run from the latest of four events, including "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3).

[7] *Motion* at 6.

[8] *See generally id.*

[9] ECF 2 (*Motion to Appoint Counsel*).

[10] ECF 7 (*Memorandum Decision and Order Denying Motion for Appointment of Counsel*).

[11] 28 U.S.C. § 2255(a).

[12] *Id.*

[13] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[14] *See id.*

## ANALYSIS

Even assuming Takai's Motion is timely, he is not entitled to relief because he expressly, knowingly, and voluntarily waived the right to challenge his sentence.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."[15]  A waiver is not enforceable if the sentencing court "relied on an impermissible factor such as race" or if "the agreement is otherwise unlawful."[16]  Additionally, "a claim of ineffective assistance of counsel brought pursuant to § 2255 survives such a waiver where it challenges the validity of the plea or the waiver."[17]

In the Plea Agreement, Takai "knowingly, voluntarily, and expressly" waived his right to challenge his sentence, "including but not limited to a motion brought under 28 U.S.C. § 2255."[18]  The court conducted a Rule 11 colloquy and determined Takai's plea was knowing and voluntary.[19]  And even construing Takai's Motion liberally, he does not argue his plea or waiver were involuntary, invalid, or unlawful.[20]  Accordingly, Takai expressly, knowingly, and voluntarily waived his right to challenge his sentence through a § 2255 motion, and he is not entitled to relief.

In any event, Takai is not entitled to relief under *United States v. Toki*.[21]  In *Toki*, the

---

[15] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[16] *Id.* at 1182.

[17] *Id.* at 1191.

[18] *Plea Agreement* at 5.

[19] *Aug. 19, 2021 Minute Entry*; *see also* Fed. R. Crim. P. 11(b).

[20] *See generally Motion*.

[21] 23 F.4th 1277 (10th Cir. 2022), *judgment vacated by Kamahele v. United States*, 143 S. Ct. 556 (2023) (mem.); *see also United States v. Kamahele*, No. 17-4154, 2023 WL 3243228, at *1 n.1 (10th Cir. May 4, 2023) (reinstating all aspects of *Toki* not concerning the petitioner's Hobbs Act robbery conviction).

Tenth Circuit considered convictions under 18 U.S.C. § 924(c) that required a "crime of violence."[22]  The Court held that an offense that can be committed recklessly is not a crime of violence under § 924(c)'s elements clause.[23]  It accordingly vacated the petitioners' § 924(c) convictions because the predicate crimes could be committed recklessly and thus were not crimes of violence.[24]  Takai was convicted and sentenced under 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 21 U.S.C. § 841(a)(1), (b)(1)(C).[25]  None of these subsections require a crime of violence or incorporate an elements clause like the one at issue in *Toki*.  Nor has Takai explained how *Toki* is otherwise applicable to his sentence.  Consequently, Takai is not entitled to relief under *Toki*.

## CONCLUSION

For the reasons stated, Takai has not shown he is entitled to relief, and his Motion is DENIED.  The Clerk of Court is directed to close the case.

SO ORDERED this 25th day of July 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[22] 23 F.4th at 1280; 18 U.S.C. § 924(c)(1)(A).

[23] *Toki*, 23 F.4th at 1281.

[24] *Id.*

[25] *Motion* at 1; *see also* Presentence Investigation Report at 1, *United States v. Takai*, No. 2:20-cr-00371-RJS-1 (D. Utah June 21, 2021), ECF 36 [sealed].  The statutes have since been amended, but not in ways material to the court's analysis.  *See* 18 U.S.C.A. § 922(g)(1) (effective Dec. 4, 2015, to June 24, 2022); *id.* § 924(a)(2) (effective Dec. 21, 2018, to June 24, 2022); 21 U.S.C.A § 841(a)(1), (b)(1)(C) (effective Dec. 21, 2018, to Dec. 1, 2022).